UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV671-J

JOSEPH A. NEVITT                                                                     PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Joseph Nevitt ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

Mr. Nevitt was born on May 31, 1990. On April 24, 2006, he filed application for supplemental security income, alleging that he was entitled to child disability benefits. After a hearing, Administrative Law Judge Michael J. Nichols ("ALJ") determined that before attaining the age of 18, claimant had the following severe impairments: attention deficit hyperactive disorder, depression, and bi-polar disorder, but that he was not disabled. As Mr. Nevitt turned eighteen before the ALJ's decision, the ALJ also considered whether he was entitled to adult benefits. The ALJ found that after attaining the age of 18, plaintiff had the same severe impairments, but that he retained the residual functional capacity for a significant number of jobs in the national economy. This became the final decision of the Defendant on all applications when the Appeals Council

denied review on July 4, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to list "borderline intellectual functioning" among the severe impairments. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual

functional capacity to allow him to perform substantial gainful activity."

Thus, the question is whether plaintiff established functional limitations that were not taken into consideration in determining overall functional capacity. The answer to this question is affirmative: The ALJ clearly examined the effects on residual functional capacity of plaintiff's somewhat reduced intellectual functioning, and pointed to less than marked limitation in acquiring and using information.

Plaintiff's primary argument is that the ALJ erred in failing to find that he met the requirements of Listing 112.05D, mental retardation.[1] In order to meet the listing, plaintiff would need to demonstrate not only an IQ score between 60 and 70, but would also have to demonstrate "subaverage general intellectual functioning in deficits in adaptive functioning." The record reflects that while Dr. Cabeza obtained a verbal IQ score of 78, performance IQ of 70 and full scale IQ of 71, Dr. Cabeza found no inattentiveness or distractibility and only mild hyperactivity. Tr. 310, 312. In addition, the record includes a psychologist's report based on examination of performance and interviews with teachers. This report noted that plaintiff's poor academic performance was "solely" due to poor attendance. Tr. 294.

Thus, it was necessary for the ALJ to make factual findings in order to determine whether the requirements of the Listing was met. Whether the record could have supported the opposite finding is irrelevant. If there is substantial evidence to support the ALJ's determination, this Court

---

[1] If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

As plaintiff attained the age of 18 before the ALJ reached his decision, Listing 12.05C, the adult version of Listing 112.05, is also implicated.

must affirm. As substantial evidence supports the ALJ's findings with respect to Listing 112.05, and with respect to residual functional capacity, the decision of the Commissioner must be affirmed.

An order in conformity has this day entered.